IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| COASTAL FINANCIAL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COMMERCE BANCORP, INC., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | C.A. No. 4:04-22262-TLW <br><br><br> **WRITTEN OPINION AND ORDER** |

**Procedural History**

This matter comes before the Court upon defendant Commerce Bancorp, Inc.'s ("Commerce") filing of a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In particular, Commerce asserts that dismissal of the instant case is appropriate because: (i) no justiciable controversy exists between the parties; and (ii) plaintiff Coastal Financial Corporation ("Coastal") lacks standing to seek cancellation of any trademark registrations. Coastal opposes the defendant's motion to dismiss. In particular, Coastal argues that: (i) this Court has subject matter jurisdiction in this case; and (ii) a justiciable controversy does exist between the parties.

**Standard of Review**

As noted, Commerce's motion to dismiss is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In its motion, Commerce seeks dismissal of the complaint arguing, in part, that the Court lacks subject matter jurisdiction and Coastal fails to establish that

1

its claims are justiciable.

The concept of justiciability ensures that federal courts review matters only when it is appropriate to do so and when there is a concrete controversy to be decided. Allen, Allen, Allen & Allen v. Williams, 254 F. Supp.2d 614 (E.D. Va. 2003). In determining whether a justiciable controversy exists, the Court must accept as true all material allegations in the plaintiff's complaint. Id. (citing Warth v. Seldin, 422 U.S. 490 (1975)).The Court may also consider additional particularized allegations of fact submitted by affidavit or exhibit. Id. (citing Warth, 422 U.S. at 501).

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(1) should be granted only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Hodges v. Shalala, 121 F. Supp.2d 854 (D.S.C. 2000) (citing Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). The plaintiff bears the burden of proving the existence of jurisdiction. Id. (citing Evans, 166 F.3d at 647 and Richmond, 945 F.2d at 768).

Alternatively, Commerce has also moved to dismiss the instant action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule12(b)(6) provides, in pertinent part, that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. Importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S.828 (1993) (citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990)). A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would

be entitled to no relief under any statement of facts which could be proved in support of the claim. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*) (citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324 (4th Cir. 1989)).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *See* Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). In ruling on the motion, the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice. *See* Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1314 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996).

**Facts**

As the record reflects, both Coastal and Commerce are in the business of providing banking and financial services. Coastal is a Delaware corporation whose primary office is located in Horry County, South Carolina. Commerce is also a Delaware corporation, but it primarily services customers in New Jersey.

In the Spring of 2004, as part of its marketing strategy, Coastal decided to use the slogan "The Carolinas' Most Convenient Bank."[1] On June 15, 2004, Coastal filed an "Intent to Use" federal service mark application with the United States Trademark Office for the mark "The Carolinas' Most Convenient Bank." At the time of this filing, Commerce claimed to own rights to the service mark

---

[1] In February of 2005, Coastal actually began using the slogan " The Carolinas' Most Convenient Bank" in its marketing and advertising campaign including press releases, newspaper advertisements, television, and radio.

3

"America's Most Convenient Bank" registered in the Supplemental Register. Also, being processed at the time of the filing of the Complaint in this case were Commerce's applications, for the Principal Register, for the service marks "America's Most Convenient Bank" and "Most Convenient Bank."

On July 12, 2004, in response to Coastal's filing of its federal service mark application, Commerce transmitted a cease and desist letter to Coastal asserting rights to the service mark "America's Most Convenient Bank." Commerce also requested that Coastal cease prosecution of its service mark application, cease any plans for future use of the mark "The Carolinas' Most Convenient Bank" or any other similar name, and recall and recapture any printed or online material containing the term "The Carolinas' Most Convenient Bank." Importantly, the letter warned that:

> [Commerce was] currently reviewing the range of legal remedies available to safeguard [its] very valuable service mark from infringement, wrongful appropriation, unfair competition, and dilution. Commerce regards Coastal's proposed use and registration of the Coastal Mark as a very serious matter and will continue to take appropriate steps to protect its rights.

Shortly thereafter, Coastal withdrew its pending, service mark application.

By letter dated August 10, 2004, Coastal attempted to settle its claims against Commerce. However, Commerce allegedly did not respond to this offer of settlement. At the time of Coastal's letter, Coastal was also aware that Commerce had previously filed suit against a Florida bank due to the bank's usage of the slogan "Florida's Most Convenient Bank." *See* Commerce Bancorp, Inc. v. BankAtlantic, 285 F. Supp.2d 475 (D.N.J. 2003). That case was ultimately settled.

On September 17, 2004, Coastal initiated the instant legal action. In its complaint, Coastal seeks, in part, that: (i) Commerce's service mark registrations at issue be cancelled; and (ii) this Court declare that Commerce has no enforceable service mark rights to the service marks at issue. Thereafter, Commerce filed the instant motion to dismiss.

## Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201 ("the Act'), is not a jurisdictional grant. Dunn Computer Corp. v. Loudcloud, Inc., 133 F. Supp. 2d 823 (E.D. Va. 2001) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950)). The Act's purpose is to allow federal courts to issue declaratory judgments only in cases that (i) meet the constitutional "case or controversy" requirement and also (ii) present a valid basis for subject matter jurisdiction, i.e., diversity or federal question jurisdiction. Id. (citing Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc., 619 F. Supp. 998, 1001 (D. Md.1985)). Importantly, even where a request for a declaratory judgment meets both of these requirements, the "exercise of [declaratory judgment] jurisdiction rests within the sound discretion of the district court." Id. at 1001.

In general, the presence of a case or controversy depends on whether the facts alleged show a controversy of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941). In resolving a factual dispute concerning the existence of a case or controversy, the "court need not accept the allegations of the complaint as true ... [but] may look behind the complaint and view the evidence to determine whether a controversy in fact exists." Dunn Computer, 133 F. Supp.2d at 827-828. In this regard, the declaratory judgment plaintiff bears the burden to establish, by a preponderance of the evidence, that the two-part test for a case or controversy has been met. Id. (citing Circuit City Stores, Inc. v. Speedy Car-X, Inc., 1995 WL 568818 (E.D.Va. Mar. 27, 1995)). This test is whether, at the time of filing, there existed: (i) an objectively real and reasonable apprehension of litigation; and (ii) a course of conduct which brought the plaintiff into adversarial conflict with the declaratory defendant. Dunn Computer, 133 F. Supp.2d at 828.

Analysis, therefore, properly begins with whether plaintiff's apprehension of being sued by defendant was objectively real and reasonable. Id. Put another way, this prong is established if the defendant's actions create in plaintiff a reasonable apprehension of being sued for infringement. Id. (citing Jeffrey Banks, 619 F. Supp. at 1002). The proper focus in this regard is on defendant's conduct and statements, because apprehension alone, if not inspired by defendant's actions, does not give rise to an actual controversy. Id. While direct evidence of threatening contacts initiated by the defendant or a background of litigation between the parties is strong evidence of a reasonable apprehension of litigation, an objectively reasonable apprehension of imminent litigation must be determined from the totality of the circumstances. Id.

Moreover, as stated by the United States District Court in Circuit City Stores, Inc. v. Speedy Car-X, Inc., 1995 WL 568818 (E.D.Va. Mar. 27, 1995):

> ...a reasonable apprehension may arise indirectly. (citation omitted). In the words of one authority, the threat of infringement does not have to be said in so many words. It can be expressed in the attitude of the defendant as expressed in "circumspect language" in a letter. Even in the absence of direct charges of infringement against plaintiff by defendant, an 'actual controversy' can be found if the commercial realities of the situation puts plaintiff in a position where it must run a risk of real liability if it goes ahead to exercise what it believes are its legal rights in the commercial market.
>
> (Citing 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 32.18 [1], at 32-67 (3d ed. 1994)).

Based upon the undersigned's review of the record in this case, this Court concludes that an actual controversy exists between the parties and that the defendant's motion to dismiss should be denied. Specifically, as detailed above, Commerce transmitted a cease and desist letter dated July 12, 2004, to Coastal asserting rights to the service mark "America's Most Convenient Bank." In that letter, Commerce requested that Coastal cease prosecution of its service mark application, cease any

plans for future use of the mark "The Carolinas' Most Convenient Bank" or any other similar name, and recall and recapture any printed or online material containing the term "The Carolinas' Most Convenient Bank." As noted, the letter warned that:

> [Commerce was] currently reviewing the range of legal remedies available to safeguard [its] very valuable service mark from infringement, wrongful appropriation, unfair competition, and dilution. Commerce regards Coastal's proposed use and registration of the Coastal Mark as a very serious matter and will continue to take appropriate steps to protect its rights.

Subsequent settlement negotiations between the parties were also not successful. Likewise, it is undisputed that prior to the filing of its complaint in this case, Coastal was aware that Commerce had previously filed suit against a Florida bank due to the bank's usage of the slogan "Florida's Most Convenient Bank," a slogan substantially similar to the slogan at issue here.

Under such circumstances, it is reasonable to conclude that Commerce's actions created a "reasonable apprehension" in Coastal of an infringement suit. In fact, litigation was in all likelihood imminent, considering Coastal's beginning and continued plans to use the contested slogan. As noted above, Coastal actually began using the slogan "The Carolinas' Most Convenient Bank" in its marketing and advertising campaign including press releases, newspaper advertisements, television, and radio in February of 2005.

Additionally, the undersigned also concludes that Coastal has engaged in a course of conduct which brought it into adversarial conflict with the defendant. In order to be brought into "adversarial conflict with the defendant" in the trademark context, the plaintiff must have a definite intent and apparent ability to commence use of the service mark. G. Heileman Brewing Co v. Anheuser-Busch Inc., 873 F.2d 985 (7th Cir. 1989) and Berni v. Int'l Gourmet Restaurants of America, 838 F.2d 642 (2nd Cir. 1988). Clearly, such conduct has occurred in this case.

As set forth above, in the Spring of 2004, as part of its marketing strategy, Coastal decided to use the slogan "The Carolinas' Most Convenient Bank" and took concrete measures to accomplish this goal. In so doing, Coastal initiated a trademark search, filed a service mark application, developed a marketing strategy, prepared artwork utilizing the contested slogan, and secured a website. Although, Coastal subsequently withdrew its service mark application, Coastal fully intended to use the mark "The Carolinas' Most Convenient Bank" and did so beginning in February of 2005. Thus, not only did Coastal have a definite intent and apparent ability to commence use of the service mark at issue, it actually did commence usage of the contested service mark in February of 2005. Such action brought Coastal into adversarial conflict with Commerce.

When presented with similar facts, other Courts have also reached similar conclusions. For example, in Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc., 619 F. Supp. 998 (D.Md. 1985), the plaintiff corporation brought an action against defendant corporation seeking a declaratory judgment that it had the right to use an unregistered trademark in commerce on various articles of clothing. Defendant corporation moved to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim. In ruling on the motion, the District Court held that the Federal Court had subject matter jurisdiction over the trademark infringement action and the defendant's motion was denied. In so holding, the Court reasoned that:

> ...[a] threat of infringement does not have to be said in so many words. It can be expressed in the attitude of defendant as expressed in 'circumspect language' in a letter. Even in the absence of direct charges of infringement against plaintiff by defendant, an 'actual controversy' can be found if the commercial realities of the situation puts plaintiff in a position where it must run a real risk of potential liability if it goes ahead to exercise what it believes are its legal rights in the commercial market.
>
> Jeffrey Banks, 619 F. Supp. at 1003 .

Such reasoning is especially applicable in the instant case, in lieu of the parties' conduct detailed above.

Based upon the rationale and holding of Jeffrey Banks, the undersigned concludes that Commerce's conduct in this case "created a real and reasonable apprehension of litigation" by Coastal. *See also* Chesebrough-Pond's, Inc. v. Faberge, Inc., 666 F.2d 393 (9th Cir. 1982) (holding that although there was no actual threat by Faberge that it would sue Chesebrough for trademark infringement, Chesebrough had a real and reasonable apprehension that such action would be taken); Superguide Corp. v. Kegan, 987 F. Supp. 481 (W.D.N.C. 1997) (holding that a reasonable apprehension of suit can arise indirectly without an overt and express threat); Healthnet, Inc. v. Health Net, Inc., 2003 WL 43375 (S.D.W.Va. Jan. 7, 2003) (holding that it was reasonable for the plaintiff to infer from the defendant's letters a threat of litigation); and Starter Corp. v. Converse, Inc., 84 F.3d 592 (2nd Cir. 1996) (holding that an actual case or controversy exists where a party has engaged in a course of conduct evidencing a definite intent and apparent ability to commence use of the marks on a product).

Next, having determined that Commerce's actions created, in Coastal, a reasonable apprehension of an infringement suit, "[i]t ... becomes necessary to establish one of the usual bases of jurisdiction." Jeffrey Banks, 619 F. Supp. 998 (D. Md. 1985). Here, federal question jurisdiction under the Lanham Act exists.

Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Likewise, 28 U.S.C. § 1338(a) further states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to...trademarks."

In this case, Coastal's legal action involves the use of service marks. Because service marks are protected to the same extent as trademarks under the federal Lanham Act, the instant Court possesses subject matter jurisdiction in this case. *See* 28 U.S.C. § 1051 et seq.

To the extent that Commerce argues that Coastal lacks standing to seek cancellation of any registrations pursuant to 15 U.S.C. §§ 1051 et seq., 1091, and 1119, the undesigned is not persuaded in this regard. In particular, District Courts have the right to cancel registrations, but only in an action "involving" a registered mark. Windsurfing Int'l, Inc. v. AMF Inc., 828 F.2d 755 (Fed. Cir. 1987) (citing 15 U.S.C. § 1119). As explained by the Federal Circuit in Windsurfing Int'l:

> "Involving" cannot mean the mere presence of a registered trademark, but must be read as involving the right to use the mark and thus the right to maintain the registration. *See* 1 J. Gilson, Trademark Protection and Practice § 4.10 [1] (1986) and cases cited therein; cf. Postal Instant Press v. Clark, 741 F.2d 256, 257, 223 USPQ 281, 281 (9th Cir. 1984) (In a dispute over a franchise agreement licensing a trade name, "the mere existence of the protected trade name and attendant symbol herein does not provide a basis for federal jurisdiction."); Bascom Launder Corp. v. Telecoin Corp., 204 F.2d 331, 335, 97 USPQ 186, 188 (2nd Cir.) (antitrust defendant's defense of trademark registration made the case one "involving a registered mark" giving the court jurisdiction to order cancellation of that registration), *cert. denied*, 345 U.S. 994, 73 S.Ct. 1133, 97 L.Ed. 1401 (1953). There must, therefore, be something beyond the mere competitor status of the parties to serve as a basis for the court's jurisdiction. 2 J. McCarthy, *supra*, § 30:32. Such a basis may, for example, be a suit for trademark infringement, *See* MWS Wire Indus., Inc. v. California Fine Wire Co., 797 F.2d 799, 230 USPQ 873 (9th Cir. 186) (counterclaim of trademark genericness entertained in suit for trademark infringement), or a "case of actual controversy" referred to in the Declaratory Judgment Act, 28 U.S.C. § 2201.
>
> Id. at 759-760.

As discussed above, a "case of actual controversy" presently exists between the parties. Specifically, this action involves the use of registered service marks. Consequently, it is appropriate for this Court to exercise jurisdiction in this case.

Finally, it is well settled that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Coastal can prove no set of facts in support of their claims which would entitle them to relief. Conley v. Gibson, 355 U.S. 41 (1957). The question therefore is whether in the light most favorable to Coastal, and with every doubt resolved in its behalf, the complaint states any valid claim for relief. In this case, the complaint sufficiently states claims for which relief can be granted. Therefore, Commerce's motion to dismiss for failure to state a claim is denied.

## Conclusion

For the reasons set forth herein, the undersigned concludes that jurisdiction in this case should be exercised. Therefore, the defendants' motion to dismiss is **DENIED**. (Doc. # 5).

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

August 4, 2005
Florence, South Carolina